IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| U.S. AGRISOIL, LLC, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-20-2454 |
| SHAWN KRELOFF, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

U.S. Agrisoil, LLC ("USAG") and The Environmental Developers Group, LLC ("EDG") (collectively, "Plaintiffs") filed suit against Shawn Kreloff, BTS Bioenergy, LLC ("BTS"), Bioenergy Development Group, LLC ("BDG"), Bioenergy Devco, LLC ("Bioenergy Devco"), BDG DE, LLC ("BDG DE"), BTS Biogas, LLC ("BTS Biogas"), Newlight Partners LP ("Newlight"), and Sagewind Capital, LLC ("Sagewind") (collectively, "Defendants") for breach of contract and other Maryland state law tort claims. (ECF Nos. 1, 14.) Three different Motions to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are currently pending. (ECF Nos. 32, 33, 34.) For the reasons set forth below, the Court finds that Plaintiffs have not adequately pleaded subject matter jurisdiction and accordingly dismisses this action without prejudice and denies the Motions to Dismiss (ECF Nos. 32, 33, 34) as moot.

In the Amended Complaint, Plaintiffs claim that this Court has diversity jurisdiction over the present dispute. (Am. Compl. ¶ 13, ECF No. 14.) In the "Parties" section of the Amended Complaint, Plaintiffs state that USAG is a citizen of Delaware and EDG is a citizen of Rhode Island. (*Id.* ¶¶ 2–3.) Plaintiffs set forth the following facts about Defendants:

> 4. Upon information and belief, Kreloff is a citizen of either the State of Connecticut, the State of Maryland or the State of New York. Kreloff is a principal of and part (if not entire) owner of the various bioenergy/biogas entity defendants to this litigation.
>
> 5. BTS is a limited liability company that was organized and existed under the laws of the State of Maryland. . . .
>
> 6. BDG is a limited liability company organized and existing under the laws of the State of Delaware . . .
>
> 7. Bioenergy Devco is a limited liability company organized and existing under the laws of the State of Delaware . . .
>
> 8. BDG DE is a limited liability company organized and existing under the laws of the State of Delaware . . .
>
> 9. BTS Biogas is a limited liability company organized and existing under the laws of the State of Maryland . . .
>
> 10. Newlight is a limited partnership organized and existing under the laws of the State of Delaware.
>
> 11. Sagewind is a limited liability company organized and existing under the laws of the State of Delaware.
>
> 12. Upon information and belief, the members and partners of the entity defendants are not citizens of either Delaware or Rhode Island.

(Am. Compl. ¶¶ 4–12.)

Although Defendants have not challenged the Court's subject matter jurisdiction, "a federal court has an independent obligation to assess" its power to hear a case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005); *see also Thomas v. Bd. of Trs. of the Ohio State Univ.*, 195 U.S. 207, 211 (1904) ("It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."). If at any time

2

a court determines that it does not have subject matter jurisdiction over a dispute, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The federal diversity jurisdiction statute provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). With certain exceptions, diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of diversity jurisdiction, a limited liability company ("LLC") is an unincorporated association "whose citizenship is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).

Further, "when jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) (quoting 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.10 at 1662); *see also Muscle Shoals Assocs., Ltd. v. MHF Ins. Agency, Inc.*, 792 F. Supp. 1224, 1227 (N.D. Ala. 1992) (finding that "Mother Hubbard" allegations of citizenship are insufficient to establish diversity jurisdiction).

Here, Plaintiffs fail to distinctly and affirmatively allege the citizenship of each Defendant. Plaintiffs explain under which state's laws each Defendant LLC is "organized and exist[s]" (*see* Am. Compl. ¶¶ 5–9, 11), but Plaintiffs do not establish the citizenship of the Defendant LLCs' members, which determines the citizenship of each LLC. *See Gen. Tech. Applications*, 388 F.3d at 121. Plaintiffs claim that "[u]pon information and belief, the members and partners of the entity

3

defendants are not citizens of either Delaware or Rhode Island" (Am. Compl. ¶ 12), where Plaintiffs are citizens, but this statement falls short of the affirmative allegations needed to establish diversity jurisdiction. *See Toms*, 610 F.2d at 316. Accordingly, this action must be dismissed for Plaintiffs' failure to plead subject matter jurisdiction.

For the foregoing reasons, an Order shall enter dismissing this action without prejudice and denying as moot the pending Motions to Dismiss (ECF Nos. 32, 33, 34).

DATED this ___4___ day of February, 2021.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge